## Myers Appeal

*Bernard Di Joseph*, assistant district attorney, for Commonwealth.

*Leon H. Fox* and *Edmund Hannum*, for appellants.

DANNEHOWER, J., December 13, 1954.—On November 1, 1954, the Pennsylvania Liquor Control Board refused a new retail dispenser's eating place license (malt and brewed beverages retail license) to the applicants, Saul Myers and Mollie Myers, his wife, trading as Myers' Delicatessen, for premises 7410 No. Front Street (S. W. Corner Front Street and Dewey Road), Cheltenham Township, Montgomery County, Pa.

In its opinion, the Liquor Control Board refused the license for the following reasons:

"1. The establishment proposed to be licensed complies with the requirements prescribed by law, and the applicants are responsible persons of good reputation.

"2. The Board of Commissioners of Cheltenham Township, the Ashmead Village Improvement Association, and many residents of the immediate vicinity vigorously oppose the granting of a license for the retail sale of alcholic beverages at this location."

Thereupon the applicants appealed to this court from such refusal. A hearing was held and the same testimony heard by the board was introduced into the evidence.

The sole question presented before the court is is whether the Liquor Control Board has discretion to refuse a new retail dispenser's eating place license when the board has found as a fact that the premises and the applicants meet all the requirements of the act and the regulations of the board.

It is undisputed that there is a vacancy in the quota for Cheltenham Township which permits the issuance of said license and the premises to be licensed are not within 300 feet of any school, church or other restrictive institution enumerated in the Liquor Code of 1951.

Section 432 of the Liquor Code of April 12, 1951, P. L. 90, provides:

". . . the board *shall*, in the case of a hotel or eating place, grant and issue, and in the case of a club *may*, in its discretion, issue or refuse the applicant a retail dispenser's license." (Italics supplied).

The law is well settled that it is mandatory upon the board to grant a license if the hotel or eating place conforms to the physical requirements established by the act and the applicants comply with the regula-

tions and are of good reputation: Sawdey Liquor License Case, 369 Pa. 19, 23-24 (1951). Yarosz's License, 47 D. & C. 404 (1943) (Beaver County).

Notwithstanding the protests of the Board of Township Commissioners, the Ashmead Village Improvement Association, and other residents of the immediate vicinity, after the Liquor Control Board has decided that the applicants and their establishment have met all the requirements of the Liquor Code, they cannot legally refuse to grant the license. They cannot exercise discretion because under the law it is mandatory, when the board once decides that the place and the applicants have met the necessary requirements.

Since the Liquor Act makes it mandatory upon the board to issue such a license when they find that the persons and the place have met all the requirements, so is it mandatory upon the courts as they are under a solemn oath to declare the law as it is.

If the protestants disagree with the mandatory provisions of the Liquor Code of 1951, they have recourse to the legislature to change the law so that the issuances of licenses of this kind may be made discretionary rather than mandatory, or have the right to have local option voted upon in their respective townships.

### Order

And now, December 13, 1954, the court, after hearing the case de novo on the appeal of the applicants for a retail dispenser's eating place license, the appeal of Saul and Mollie Myers, trading as Myers' Delicatessen, for premises 7410 No. Front Street (S. W. Corner Front Street and Dewey Road), Cheltenham Township, Montgomery County, Pa., is hereby sustained, and the Liquor Control Board is hereby ordered and directed to grant and issue a retail dispenser's eating place license for which they have applied.